UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DWAYNE GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-cv-1298 |
| | ) |
| EDDIE JONES, et al., | ) |
| | ) |
| Respondents. | ) |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Notice of Appeal (Doc. 7) and his Motion to Proceed on Appeal in forma pauperis (Doc. 14). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. See FED. R. APP. PROC. 22(b)(1). For the reasons stated below, the request for a Certificate of Appealability is denied, and the Motion to Proceed on Appeal in forma pauperis is granted.

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), but a petitioner must show

"something more than the absence of frivolity" or the existence of mere "good faith" on his part.  Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate.  FED. R. APP. PROC. 22(b)(1)(3).

On September 2, 2009, this Court dismissed Petitioner's 28 U.S.C. § 2254 Petition under Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, which provides that if it plainly appears from the face of the petition that the petitioner is not entitled to federal habeas relief, the court "must dismiss the petition."  (Doc. 4).  Petitioner appeared to allege that employees of the Illinois Department of Corrections falsely charged him with assault, making threats, and intimidation, and that he was tried and sentenced on those charges.  The Court held that these allegations failed to raise a cognizable claim under § 2254 (or under § 2241), and dismissed the Petition.  At the same time, the Court denied as moot Petitioner's Motion to Proceed in forma pauperis and Motion to Appoint Counsel.

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no showing that the Court's decision was debatable or incorrect.  Moreover, the Court has reviewed its Order dismissing Petitioner's § 2254 Petition, and finds no basis for a determination that the decision was debatable or incorrect.  Therefore, Petitioner's request for a Certificate of Appealability will be denied.

2

**MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a Motion to Proceed on Appeal in forma pauperis. (Doc. 14). Federal Rule of Appellate Procedure 24(a)(1) instructs that if a party wishes to proceed on appeal in forma pauperis he "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."

Petitioner has filed the affidavit and form supplied by the Court of Appeals, as well as the certified copy of his trust fund statements for the last six months, as required by 29 U.S.C. § 1915(2). Petitioner does not precisely state the issues that he wishes to present on appeal, but, as the Court has only made one determination in this matter, it appears that Petitioner wishes to challenge the Court's Rule 4 dismissal of his Petition. In his affidavit, Petioner affirms that he has no property or income. In addition, Petitioner's trust fund statement shows that, as of October 5, 2009, Petitioner had a balance of -$244.21 at Pontiac Correctional Center, and that, as of October 16, 2009, he had a balance of -$194.10 at Lawrence Correctional Center.[1] The Court therefore finds that Petitioner cannot prepay the filing fee in the Court of Appeals.

However, § 1915(b) requires Petitioner to pay an initial filing fee that equals 20% of his average deposits or 20% of his average monthly balance for the preceding 6 months, whichever is greater, and to thereafter make monthly payments of 20%

---

[1] On August 12, 2009, Petitioner was transferred from Pontiac to Lawrence. (Doc. 14 at 6).

of his monthly income until his full filing fee is paid.  As discussed above, Petitioner's account has had a negative balance for the past six months.  However, Petitioner had one deposit in that period: on September 11, 2009, Petitioner was paid $1.70 at Pontiac for the payroll period of August 2009 (this was transferred to Lawrence on September 22, 2009).  (Doc. 14 at 8-9).  As spreading this $1.70 over six months yields an average of $0.28, and 20% of that is $0.06, Petitioner's custodian is directed to forward $0.06 to the Clerk of this Court.  In addition, pursuant to § 1915(b)(2), each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk of this Court, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $455.00 filing fee is paid.

IT IS THEREFORE ORDERED:

1. Petitioner's request for a Certificate of Appealability (Doc. 7) is DENIED.

2. Petitioner's Motion to Proceed on Appeal in forma pauperis (Doc. 14) is GRANTED.

3. Petitioner's custodian SHALL forward $0.06 to the Clerk of this Court from Petitioner's trust fund.

4. Each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian SHALL forward to the Clerk of this Court, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $455.00 filing fee is paid.

Entered this 10th day of December, 2009

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge

5